IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

 Plaintiff,

v.                    Civil No. 05-581 WJ/KBM

A 2003 CHEVROLET AVALANCHE,
VIN # 3GNEK13T23G165552,

 Defendant.

and

RAMON MARTINEZ, a/k/a RAMON
BURCIAGA-OROZCO, and LUIS ALVARADO,

 Claimants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AND FORFEITURE OF DEFENDANT 2003 AVALANCHE

THIS MATTER comes before the Court pursuant to the United States' Amended Motion for Default Judgment and Forfeiture of Defendant 2003 Avalanche (Doc. 16). Having reviewed the motion and the relevant law, I find the motion is well taken and will be granted.

**BACKGROUND**

The Complaint in this case was filed on May 25, 2005 (Doc. 1). Eidi Burciaga a/k/a Ramon Martinez was served with Summons directing the filing of a verified claim and answer and stating the time limits for each pleading. Mr. Burciaga filed a Verified Statement of Interest was on July 25, 2005 on behalf of himself and purportedly on behalf of Luis Alvarado (Doc. 8). Mr. Burciaga also entered an appearance on behalf of himself and on behalf of Luis Alvarado (Doc.

7). By this document, Eidi Burciaga attempted to enter the appearances of himself and Luis Alvarado on behalf of the Defendant Chevrolet. The Court struck the entry of appearance as improper because neither Mr. Burciaga nor Mr. Alvarado may represent the Chevrolet or anyone other than themselves (Doc. 14). The Court entered a Notice of Potential Dismissal of Claimant Luis Alvarado if he failed to properly execute a Verified Claim on his own behalf because Mr. Burciaga could not do so on behalf of Mr. Alvarado (Doc. 13). Mr. Alavarado did not file a Verified Claim on his own behalf within the time permitted, so he was dismissed as a claimant in this action (Doc. 14). Neither Eidi Burciaga nor any other person filed an Answer to the Complaint as required by law. On December 14, 2005, the United States filed the instant motion and, on the same date, served a copy of the motion on claimant Eidi Burciaga by mail. As of the date of this Memorandum Opinion and Order, Eidi Burciaga has not filed a response to the motion nor an Answer to the Complaint.

**DISCUSSION**

The time for filing an answer in a civil forfeiture case is governed by 18 U.S.C. § 983 (a)(4)(B) and Supplemental Rule C (6)(a)(iii). Both the statute and the rule require that a claimant file and serve an answer within 20 days of filing a verified claim. Strict compliance with the statute and the rule is typically required. See United States v. Commodity Account, 219 F.3d 595 (7th Cir. 2000) (claimant who filed claim but waited two years to file answer lacked statutory standing under Rule C); United States v. $315,510 in U.S. Currency, 2002 WL 22040 (D. Minn. 2002) (failure to file answer results in entry of default judgment even though claimant filed claim).

The United States is entitled to default judgment because neither Eidi Burciaga a/k/a Ramon Martinez nor any other person has filed an Answer to the Complaint as required by law.

2

Moreover, Eidi Burciaga a/k/a Ramon Martinez lacks statutory standing to contest the forfeiture because he does not claim an ownership interest in the 2003 Avalanche as defined in 18 U.S.C. § 983(d)(6).

**CONCLUSION**

IT IS THEREFORE ORDERED and ADJUDGED that default judgment is entered in favor of the United States pursuant to Fed. R. Civ. P. 5(b)(2), 18 U.S.C. § 983(a)(4)(B) and Supplemental Rule C(6)(a)(iii).

IT IS FURTHER ORDERED and ADJUDGED that all right, title and interest in the Defendant 2003 Chevrolet Avalanche is forfeited to the United States and title thereto is vested in the United States.

_____
UNITED STATES DISTRICT JUDGE